# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Maximum Penalties
- 20 years in prison
- Fine = $250,000 or twice the gain
- Restitution
- 3 years of supervised release

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**DEFENDANT - U.S**

▶ KARIN TUFONO

DISTRICT COURT NUMBER

**4:26-cr-00060-YGR**

**FILED**
Feb 10 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Craig H. Missakian

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Thomas R. Green

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?   ☐ Yes   ☐ No    If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address: _____

Date/Time: _____   Before Judge: _____

Comments:

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

Feb 10 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KARIN TUFONO, <br><br> Defendant. | CASE NO. 4:26-cr-00060-YGR <br><br> VIOLATIONS: <br> 18 U.S.C. § 1343 – Wire Fraud; <br> 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation <br><br> OAKLAND VENUE |

INFORMATION

The United States Attorney charges:

Introductory Allegations

At all times relevant to this Information:

1. Defendant Karin Tufono ("TUFONO") resided in the Northern District of California.

2. Republic Floor, Inc. ("Republic Floor") was a developer, manufacturer and seller of flooring products including stone polymer composite, laminate and engineered hardwood. Republic Floor was founded in 2014 and has approximately six offices in the United States, including an office in Antioch, California.

3. TUFONO was employed by Republic Floor from 2014 until August 2024. TUFONO worked as a bookkeeper performing accounting functions until approximately January 2024, at which

INFORMATION

time she began to work in a customer service capacity, which was her job at Republic Floor until she was terminated in August 2024 after admitting to an embezzlement scheme she perpetrated against her employer.

COUNTS ONE THROUGH FIVE:   (18 U.S.C. § 1343 – Wire Fraud)

4. Paragraphs 1 through 3 of this Information are re-alleged and incorporated as if fully set forth here.

5. Beginning in or about June 2022, and continuing until approximately August 21, 2024, in the Northern District of California, the defendant,

KARIN TUFONO,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

THE SCHEME AND ARTIFICE TO DEFRAUD

6. For the bulk of TUFONO's tenure at Republic Floor she worked in the accounting department, with responsibility for both accounts payable and accounts receivable. She recorded payments received by Republic Floor and paid bills and expenses incurred by Republic Floor on behalf of the company. After TUFONO left the accounting department and worked in a customer service capacity, she realized that she still had access to the company accounts and the system in which she had previously recorded money received, and money paid, on behalf of Republic Floor.

7. From approximately June 2022 through August 2024, TUFONO used her access to company's account payable system to initiate electronic payments by Republic Floor to accounts she controlled, for her own personal use, primarily to her personal Chase personal bank account ("Chase Account"). TUFONO falsely recorded who the payments were going to, recording the payments to herself as payments to Republic Floor vendors or "U.S. Customs," knowing that Republic Floor made regular payments to U.S. Customs as a matter of course in conducting its flooring business.

8. On or before June 21, 2022, TUFONO accessed company accounts and initiated an electronic payment of $4,800.23 from a Republic Floor account to her Chase Account. She falsely

recorded the transaction in the company's accounting records as a payment to AAA Fire Protection, rather than a payment to herself. She knew from her work that AAA Fire Protection was a vendor of Republic Floor and that Republic Floor on occasion made legitimate payments to AAA Fire Protection. TUFONO falsely recorded the payment as being a payment to AAA Fire Protection to hide from her company that the payment was in fact being made to herself.

9. Over the first few months of TUFONO's scheme, she initiated approximately twenty electronic transfers of funds, totaling more than $250,000, from Republic Floor accounts to her Chase Account, always falsely recording that the payment was to a Republic Floor vendor. In September 2022, she began falsely recording almost every fraudulent payment she initiated to her Chase Account as a payment to "U.S. Customs."

10. Over course of her scheme, TUFONO falsely recorded over 200 payments to herself as payments to U.S. Customs. On approximately ten (10) occasions, TUFONO initiated payments directly from Republic Floor to a bank account in the name of her church, using another Chase Bank account (the "Chase Church Account"). As the church's treasurer, TUFONO controlled the Chase Church Account, and she falsely recorded payments to the church account she controlled as being made to U.S. Customs. In total, during the more than two-year course of her scheme, TUFONO initiated at least $6 million in fraudulent transfers via ACH deposits from Republic Floor accounts into the accounts that she controlled.

## THE USE OF THE WIRES/EXECUTION OF THE SCHEME

On or about the dates listed in the chart below, in the Northern District of California, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendant,

### KARIN TUFONO,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, specifically, using and causing the use of interstate electronic wires in connection with the fraudulent transfer of funds on or about the dates described in this chart, comprising Counts One through Five:

//

INFORMATION                                    3

| Count | Date of Transaction | Claimed Payee | Account Receiving the Republic Floor Funds | Amount TUFONO received |
|---|---|---|---|---|
| 1 | June 22, 2022 | AA Fire Protec | My Chase Account | $4,800.23 |
| 2 | June 23, 2022 | Prime Diesel | My Chase Account | $11,138.75 |
| 3 | September 26, 2023 | US Custom | My Chase Account | $63,125.88 |
| 4 | July 2, 2024 | US Custom | Chase Church Account | $46,125.99 |
| 5 | August 14, 2024 | US Custom | My Chase Account | $21,410.36 |

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION:   (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction for any of the offenses set forth in this Information, the defendant,

KARIN TUFONO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to the following:

    a.  2022 Honda Pilot (VIN 88183); and

    b.  2021 Land Rover Range Rover (VIN 62581).

If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without

INFORMATION                                       4

1  difficulty,
2  the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,
3  United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).
4      All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code,
5  Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

8  DATED: February 10, 2026

    CRAIG H. MISSAKIAN
    United States Attorney

    */s/ Thomas R. Green*
    THOMAS R. GREEN
    Assistant United States Attorney

INFORMATION                           5